**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAFAEL VARELA,**

                    **Plaintiff,**            **1:10-cv-1390**
                                                          **(GLS/DRH)**

                    **v.**

**COUNTY OF RENSSELAER, et al.,**

                    **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

RAFAEL VARELA
Pro Se
450 Madison Street
Troy, NY 12180

**FOR THE DEFENDANTS:**

*County of Rensselaer and Bailey[1]*
Bailey, Kelleher Law Firm        AARON E. CONNOR, ESQ.
Pine West Plaza 5                   JOHN W. BAILEY, ESQ.
Suite 507
Washington Avenue Extension
Albany, NY 12205
*City of Troy, Police Department*

---

[1] Including County of Rensselaer, Rensselaer County Probation Department, Rensselaer County Jail, Rensselaer County Sheriff Department, Rensselaer County Public Defender's Office, Rensselaer County Department of Mental Health, Rensselaer County Unified Services, Rensselaer County District Attorney's Office, Arthur Glass, Esq., (collectively "Rensselaer County defendants"), Bailey, Kelleher & Johnson, P.C. and John W. Bailey, Esq., (collectively "Bailey defendants").

*and Epstein*
Corporation Counsel                             CHARLES A. SARRIS, ESQ.
City Hall
One Monument Square
Troy, NY 12180

Hudson Mohawk Recovery Center
*no appearance made*

The Unified Court System
*no appearance made*

Anita Thayer
*no appearance made*

Walter Thayer & Mishler P.C.
*no appearance made*

Sgt. Kyra Garrigue
*no appearance made*

John Doe
*no appearance made*

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Rafael Varela filed this suit against the defendants in New York State Supreme Court, Rensselaer County. On November 16, 2010, the defendants removed the case to this court pursuant to 28 U.S.C.

§§ 1441 and 1446, invoking the court's original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Presently before the court are Varela's motions seeking remand and sanctions; and defendants' motion to dismiss.[2]  For the reasons that follow, Varela's motions are denied and defendants' motion to dismiss is granted in part and denied in part.

## II. Background

Plaintiff's near-unintelligible pleadings makes it difficult for the court to determine the basis of the lawsuit.  The complaint names twenty-eight defendants for a multitude of state and federal violations.  In general, Varela alleges that due to various arrests, he was illegally prosecuted and detained in 2006, 2007, and 2008.  He contends that these arrests caused anguish and fear for his life.

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well established and will not be repeated here.  For a full discussion of the standard the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

---

[2] Rensselaer County and Bailey defendants jointly filed the motion to dismiss.

**A.     Motion for Remand**

On December 1, 2010, Varela filed a motion to remand. He asserts two grounds in support of the motion. First, he contends that the removal was defective because a copy of the removal notice was not provided to him. Secondly, he claims that not all of the served defendants consented to the removal. Varela's contentions are without merit. In regards to the first ground, the very fact that Varela has filed a motion to remand belies his allegation that he was not provided a copy of the removal notice. Thus, it is clear that Varela knew about the removal and has exercised his rights accordingly.

Varela's second contention disputing consent by all the defendants is also without merit. Varela's complaint seeks redress pursuant to 42 U.S.C. § 1983. Federal and state courts have concurrent jurisdiction over suits brought pursuant to 42 U.S.C. § 1983. *Haywood v. Drown*, 129 S.Ct. 2108, 2111 (2009). Thus, "state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law." *Id.* at 2114. Thus, consent by all the defendants is unnecessary.

Despite having concurrent jurisdiction, the issue still remains whether

4

remand is warranted. Varela argues that remand to the state court is proper. In opposition, the defendants insist that federal court is the appropriate forum. There appears to be case law for both propositions. See *Ojudun v. Daffy's Inc.*, No. 98 Civ. 6135, 2000 U.S. Dist. LEXIS 3585, at *2 (S.D.N.Y. Feb. 9, 2000) (collecting cases). In the *Ojudun* case, Southern District Court Judge Griesa ultimately accepted the removal. This court agrees that the better view is to accept the removal. Under the statute, a case may be removed when the federal district court has "original jurisdiction." 28 U.S.C. §1441(a). A federal district court has original jurisdiction when a case asserts a federal statutory cause of action. Here, Varela's case asserts a federal statutory cause of action, thus, the court has original jurisdiction. Accordingly, the motion for remand is denied.

**B.    Motion to dismiss**

    **1.    Immunity**

Varela asserts claims against the district attorney and the public defender. "It is . . . well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' . . . 'is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v.*

5

*Pachtman*, 424 U.S. 409, 410, 431 (1976)). This immunity "protects a prosecutor . . . for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). "In order to state a claim under [42 U.S.C.] § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). However, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Since it appears that Varela is suing District Attorney Arthur Glass, and the Public Defender for acts within the scope of their duties, they are immune. Accordingly, to the extent that Varela is suing District Attorney Arthur Glass and the Public Defender, they are dismissed from suit.

### 2. Other Named Parties

To the extent that Varela names several Rensselaer County Departments, as defendants, the proper party is Rensselaer County. Accordingly, the individual County Departments are dismissed.

### 3. Bailey defendants

6

Varela appears to be suing the Bailey defendants for intentional infliction of emotional distress.  "The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."  *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996).  In general, "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress."  *Id.* at 790.  While not entirely clear, at this juncture, this cause of action survives.

### 4.     Equal Protection Clause

Defendants contend that Varela has failed to plead a violation of the Equal Protection Clause.  As this court has already noted, Varela's complaint is not a model of clarity, however, at this juncture, this cause of action survives.

## C.     Motion for Sanctions

Varela's motion for sanctions against the defendants is unwarranted and denied**.**

## V. Conclusion

7

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Varela's motion for remand (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that Varela's motion for sanctions (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss Rensselaer District Attorney Arthur Glass and the Public Defender is granted; and it is further

**ORDERED** that defendants' motion to dismiss the individual County Departments is granted; and it is further

**ORDERED** that defendants' motion to dismiss is denied in all other respects; and it is further

**ORDERED** that the parties notify Magistrate Judge Homer in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

8