**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RAFAEL VARELA,**

                  **Plaintiff,**             **1:10-cv-1390
                                                        (GLS/DRH)**

         **v.**

**THE COUNTY OF RENSSELEAR[1] et al.,**

                  **Defendants.**
_____
**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Rafael Varela
Pro Se
450 Madison Street
Troy, NY 12180

**FOR THE DEFENDANTS**
*Rensselaer County*,
*Bailey Kelleher & Johnson, P.C.*
*& John W. Bailey*
Bailey, Kelleher Law Firm         JOHN W. BAILEY, ESQ.
Pine West Plaza 5                  WILLIAM C. FIRTH, ESQ.
Suite 507
Washington Avenue Extension
Albany, NY 12205

*City of Troy*, *Troy P.D. & Epstein*
City of Troy, Corporation Counsel     IAN H. SILVERMAN, ESQ.
Department of Law                 CHARLES A. SARRIS, ESQ.
1776 6th Avenue                     JAMIE B. THOMAS, ESQ.
Troy, NY 12180

---

[1] The Clerk is directed to amend the caption to correct the spelling of "Rensselaer."

| | |
|---|---|
| Office of Joshua A. Sabo<br>287 North Greenbush Road<br>Troy, NY 12180 | JOSHUA A. SABO, ESQ. |

**Gary L. Sharpe<br>Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Rafael Varela commenced this action in New York State Supreme Court alleging his constitutional rights were violated by defendants. (*See generally* Dkt. No. 1, Attach. 1.) Following defendants removal to this court, (*see* Dkt. No. 1 at 1-4), Varela filed, among other things, a motion for a preliminary injunction (PI) and temporary restraining order (TRO). (*See* Dkt. No. 50.) In a Report-Recommendation and Order (R&R) filed March 8, 2012, Magistrate Judge David R. Homer recommended that Varela's motion be denied.[2] (*See generally* R&R, Dkt. No. 67.) Pending are Varela's objections to the R&R. (*See* Dkt. No. 74.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

---

[2] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

### III.  Discussion

Varela's first objection to the R&R addresses Judge Homer's purported misunderstanding of the "Constitutional right to freedom and liberty of Mr. Varela (to drive where ever he wants)."  (Dkt. No. 74 ¶ 2.) Based on this right—which essentially amounts to the right to drive without restriction—Varela avers that Judge Homer erred when he recommended that the PI/TRO be denied.  (*See id.* ¶¶ 1-3.)  Simply put, the court disagrees.  Varela's claim is wholly unsubstantiated, and as such, is at best, a general or vague objection.  (*See id.* ¶¶ 2-8.)  Likewise, Varela's second objection, (*see id.* ¶¶ 10-15), to Judge Homer's footnote is of no

3

moment as the notation was *dicta* in the background section of the R&R.[3] (*See* R&R at 3 n.3.)  More importantly though, Varela's objection is moot as Judge Homer permitted him to amend his complaint, in which he can articulate the substance of his objection.  (*See* R&R at 11, 14.)  Because Varela fails to raise any specific errors in the R&R, the court concludes that a *de novo* review is unnecessary.  Having found no clear error in the R&R, the court accepts and adopts Judge Homer's R&R in its entirety.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to amend the caption to correct the spelling of "Rensselaer"; and it is further

**ORDERED** that Magistrate Judge David R. Homer's March 8, 2012 Report-Recommendation and Order (Dkt. No. 67) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Varela's motion for PI/TRO (Dkt. No. 50) is **DENIED**; and it is further

---

[3] Varela filed a Revised Objection to the R&R on March 27, 2012.  (*See* Dkt. No. 78.)  In addition to being untimely, (*see* R&R at 14), the Revised Objection is irrelevant as the inclusion of the Family Court order—the only substantive difference between the original and revised objection—addresses Judge Homer's footnote, not the propriety of a PI/TRO.  (*See* Dkt. No. 78 at 3-7.)

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 17, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court